# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| 1.   CATHY DOMINIQUE, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Case No. CIV-17-616-JED-JFJ |
| | ) ) ) | |
| 1.   AT&T MOBILITY SERVICES, LLC, | ) ) | |
| Defendant. | ) | |

## COMPLAINT

**COMES NOW THE PLAINTIFF** and hereby pleads her claims as follows:

## PARTIES

1. The Plaintiff is Cathy Dominique, an adult resident of Tulsa County, Oklahoma.

2. The Defendant is AT&T Mobility Services, LLC, a foreign limited liability company operating in Rogers County, Oklahoma.

## JURISDICTION AND VENUE

3. Plaintiff's claims are for discrimination on the basis of age, including termination, in violation of the Age Discrimination in Employment Act and Oklahoma's Anti-Discrimination Act, as well as retaliation for Plaintiff's use of leave under the Family Medical Leave Act. Jurisdiction over the federal claims is vested in this Court under and 28 U.S.C. § 1331.  The state law claims arise out of the same core of facts and jurisdiction over them is vested under 28 U.S.C. § 1367(a).

4. Venue is provided by 42 U.S.C. § 2000e-5(f)(3) under which jurisdiction is appropriate in any district in the State. Plaintiff resides within Tulsa County.

Plaintiff worked out of Rogers County, Oklahoma, and Defendant may be served in that county. Both Rogers and Tulsa Counties are located in the Northern District of the United States District Court of Oklahoma. Wherefore, venue is proper in this court.

## STATEMENT OF FACTS

5. Defendant employed fifty (50) or more employees within seventy-five (75) road miles during each of at least twenty (20) weeks of the current or proceeding calendar year, and is a covered employer under Title VII and the FMLA. There is no minimum number of employees required to be covered by the OADA.

6. Plaintiff Cathy Dominique was employed by Defendant from around January 2, 1997, until her termination on or around September 29, 2016. At the time of her termination, Plaintiff was a Retention Team Manager.

7. At the time of her termination, Plaintiff was fifty-seven (57) years old.

8. At the time of her termination, Plaintiff had worked more than 1250 hours in the prior calendar year, and had been employed for more than one year, and was a covered employee under the FMLA.

9. Plaintiff satisfactorily performed her job duties during her employment.

10. During her employment, Plaintiff received awards based on her performance and for exceeding performance expectations, most recently around early 2015.

11. Around March 2016, Jessica Thompson[1] (approximately age 32) became Plaintiff's immediate supervisor.

12. Plaintiff was significantly older than Ms. Thompson.

13. Around May 13, 2016, Plaintiff had to take leave to have surgery due to polyps on her vocal chords.

15. Plaintiff applied for, and received, FMLA leave from Defendant for her time off work due to the surgery.

16. While on FMLA leave, Plaintiff checked in regularly with Ms. Thompson, including updating her on her post-surgical status and approximately when Plaintiff would be able to return to work.

17. Around June 14, 2016, Plaintiff returned to work.

18. Approximately two weeks after Plaintiff returned, Plaintiff was placed on a Performance Improvement Plan (PIP) by Ms. Thompson for alleged performance issues with her team.

19. Ms. Thompson and her PIP required Plaintiff to meet more stringent standards than the other managers under Ms. Thompson.

20. A requirement of the PIP was that Plaintiff would meet with Ms. Thompson on a weekly basis.

---

[1] Initially, Ms. Thompson went by her maiden name of "McKeon," including while she had been Plaintiff's supervisor. For ease of reference, Plaintiff refers to Ms. Thompson by her current surname.

21. During these meetings, Ms. Thompson would criticize Plaintiff's performance, however Ms. Thompson advised Plaintiff the meetings were not disciplinary in nature.

22. The PIP was supposed to last only thirty (30) days, and was for the purpose of increasing my team's performance, however even after my team became one of the best performing, Ms. Thompson continued to enlarge the PIP's plan completion date.

23. Within approximately two (2) months of Plaintiff's return from leave, Ms. Thompson began an investigation against Plaintiff, alleging Plaintiff falsified company records and/or created a hostile working environment.

24. Plaintiff advised Ms. Thompson and Vicky Williams (area manager) that the allegations were false, however Ms. Thompson and Ms. Williams advised Plaintiff they were recommending Plaintiff for discipline up to and including termination.

25. On or around September 29, 2016, Plaintiff was terminated by Ms. Thompson for the alleged reasons of falsifying company documentation, employee mistreatment, and potentially creating a hostile working environment.

26. Such reasons are false and pretextual in that Plaintiff never falsified company documents, nor did Plaintiff mistreat her subordinates/create a hostile working environment.

27. Motivating factors for Plaintiff's termination were Plaintiff's age and/or her use of FMLA-protected leave.

-5-

28. As a direct result of Defendant's actions, Plaintiff has suffered lost wages (including back, present and front pay along with the value of benefits associated with such wages), and dignitary harm/emotional distress type damages including stress, worry, and sadness.

29. Plaintiff has exhausted her administrative remedies by timely filing a charge of discrimination on January 1, 2017. The EEOC issued Plaintiff's right to sue letter on September 7, 2017, and Plaintiff received such letter thereafter. This complaint is timely filed within ninety (90) days of Plaintiff's receipt of her right to sue letter.

## **COUNT I**

For Plaintiff's first count, Plaintiff incorporates the allegations above and further provides that:

30. Discrimination based on age is prohibited by the Age Discrimination in Employment Act and by the Oklahoma Anti-Discrimination Act.

31. Under the ADEA and the OADA, Plaintiff is entitled to compensation for all lost wages and benefits arising from the termination.

32. Under the OADA, Plaintiff is entitled to an award of liquidated damages equal to her lost wages and benefits.

33. Because the actions of Defendant were willful, malicious or, at the least, in reckless disregard for Plaintiff's federally and state protected rights, Plaintiff is entitled to an award of liquidated damages.

## COUNT II

For Plaintiff's second count, Plaintiff incorporates the allegations above, and further provides that:

34. Terminating Plaintiff in retaliation for exercising her rights under the FMLA, including because Plaintiff took FMLA leave and/or requested FMLA, violates the FMLA.

35. Under this Count, Plaintiff is entitled to her wage loss including back, present, and front pay, along with the value of benefits associated with such wages.

36. Because the conduct of Defendant was not taken in good faith, Plaintiff is also entitled to an award of liquidated damages.

## PRAYER

Plaintiff respectfully requests this Court enter judgment in her favor and against the Defendant and grant her all compensatory damages suffered together with liquidated damages, attorneys' fees, costs and interest and such other legal and equitable relief as this Court deems just and proper.

**RESPECTFULLY SUBMITTED THIS  9th   DAY OF NOVEMBER, 2017.**

                                      HAMMONS, GOWENS, HURST
                                      & ASSOCIATES

                                      s/ Leah M. Roper
                                      Mark E. Hammons, OBA #3784
                                      Amber L. Hurst, OBA # 21231
                                      Leah M. Roper OBA # 32107
                                      325 Dean A. McGee Avenue
                                      Oklahoma City, Oklahoma 73102
                                      Telephone:  (405) 235-6100
                                      Facsimile:  (405) 235-6111
                                      Leah@hammonslaw.com
                                      *Counsel for Plaintiff*
                                      JURY TRIAL DEMANDED
                                      ATTORNEY'S LIEN CLAIMED